IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JULIO MORILLO LIMARDO

     Plaintiff,

         v.                           Civ. No. 04-1343(PG)

HECTOR BARRETO, ET AL.,

     Defendants.

## OPINION AND ORDER

Plaintiff, Julio Morillo Limardo, (hereinafter "Morillo'), filed an administrative complaint on February 11, 1999, alleging that the Small Business Administration (hereinafter "SBA") had discriminated against him on the basis of his race (Hispanic), national origin (Puerto Rican), sex (male), age (48 years old), and retaliation for engaging in protected activity. On January 22, 2004, upon review of the granting of summary judgment by the Equal Employment Opportunity Commission (hereinafter "EEOC") administrative law judge, the EEOC found that the administrative law judge's granting of summary judgment was appropriate. On April 20, 2004, Morillo filed the present complaint against Hector Barreto, Administrator of the SBA, and the SBA. (Docket No. 1.) Morillo brings this action seeking damages for alleged violations under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq., ("Title VII") and the Age Discrimination Act of 1967, 29 U.S.C. § 621 et seq., ("ADEA"), alleging that a younger, Caucasian, female attorney was given the position of supervising attorney on a project both she and Morillo were working on. Morillo asserts that he was the subject of retaliatory discharge, in violation of the Whistleblower Protection Act of 1989, 5 U.S.C. § 2302 and in violation of his First Amendment right to free speech when he expressed his concerns regarding a case of sexual harassment against a young female applicant in Puerto Rico by an SBA employee. Morillo also alleges that the SBA breached his contract with respect to his employment and that this alleged breach violated 42 U.S.C. § 1981. Morillo also alleges that he was constructively discharged.

Defendants moved to dismiss the case or in the alternative for summary judgment in their favor. (Docket No. 11.) Plaintiff opposed defendants' motion. (Docket No. 18.) The matter was referred to Chief Magistrate Judge Justo Arenas

Civ. No. 04-1343 (PG)                                                    Page 2

for a Report and Recommendation. (Docket No. 25 & 26.)

        Defendants move to dismiss the complaint arguing that Morillo has failed
to establish subject matter jurisdiction with respect to his claim for
employment discrimination and retaliation, and has failed to state a claim upon
which relief can be granted. In the alternative, defendants move for summary
judgment on the ground that there is no genuine issue of material fact and
defendants are entitled to judgment as a matter of law. To the contrary, Morillo
submits a memorandum of law in which he contends that there were fatal legal
procedural errors during the EEOC's proceedings. (Docket No. 18.) Morillo
requests that the defendants' motion for summary judgment be denied. Defendants
countered Morillo's response with a reply brief. (Docket No. 21.) Upon
considering the parties' arguments, the evidence in the record and the
applicable law, the Magistrate Judge recommends that defendants' motion to
dismiss and/or for summary judgment be granted.

## DISCUSSION

### I. Standard of Review - Magistrate-Judge's Report and Recommendation

        Pursuant to 28 U.S.C. §§ 636(b)(1)(B), Fed.R.Civ.P. 72(b), and Local Rule
503, a District Court may refer dispositive motions to a United States
Magistrate Judge for a Report and Recommendation. See Alamo Rodriguez v. Pfizer
Pharmaceuticals, Inc., 286 F.Supp.2d 144, 146 (D.P.R. 2003). The adversely
affected party may "contest the Magistrate Judge's report and recommendation by
filing objections 'within ten days of being served' with a copy of the order."
United States of America v. Mercado Pagan, 286 F.Supp.2d 231, 233 (D.P.R.
2003)(quoting 28 U.S.C. §§ 636(b)(1).) If objections are timely filed, the
District Judge shall "make a de novo determination of those portions of the
report or specified findings or recommendation to which [an] objection is made."
Felix Rivera de Leon v. Maxon Engineering Services, Inc., 283 F.Supp.2d 550, 555
(D.P.R. 2003). The Court can "accept, reject, or modify, in whole or in part,
the findings or recommendations made by the magistrate", however, if the
affected party fails to timely file objections," 'the district court can assume
that they have agreed to the magistrate's recommendation'." Alamo Rodriguez, 286
F.Supp.2d at 146 (quoting Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st
Cir. 1985).

## II. <u>Fed.R.Civ.P.12(b)(1) or 12(b)(6) standards</u>

When ruling on either 12(b)(1) or 12(b)(6) motion, a court must accept all well-pled factual averments as true and must draw all reasonable inferences in the plaintiffs' favor. <u>Pejepscot Indus. Park v. Maine Cent. R.R.</u>, 215 F.3d 195, 197 (1st Cir. 2000)("The standard applied to a 12(b)(1) motion is similar to the standard applied to a 12(b)(6) motion, namely, the Court must take all of plaintiff's allegations as true and must view them, along with all reasonable inferences therefrom, in the light most favorable to plaintiff"). <u>See</u> <u>Negron-Gaztambide v. Hernandez-Torres</u>, 35 F.3d 25, 27 (1st Cir. 1994). A court should not dismiss a complaint for lack of subject matter jurisdiction unless it is clear that plaintiff will be unable to prove any set of facts which would entitle him to recovery. <u>See</u> <u>LaChapelle v. Berkshire Life Ins. Co.</u>, 142 F.3d 507, 508 (1st Cir. 1998); <u>Negron-Gaztambide</u>, 35 F.3d at 27 (<u>citing</u> <u>Carney v. Resolution Trust Corp.</u>, 19 F.3d 950, 954 (5th Cir.1994); <u>Garita Hotel Ltd. Partnership v. Ponce Fed. Bank</u>, 958 F.2d 15, 17 (1st Cir. 1992). "The party invoking the jurisdiction of a federal court carries the burden of proving its existence." <u>Taber Partners, I v. Merit Builders, Inc.</u>, 987 F.2d 57, 60 (1st Cir. 1993). <u>See</u> <u>Puerto Rico Tel. v. Telecom. Regulatory Bd.</u>, 189 F.3d 1, 7 (1st Cir. 1999).

## III. <u>Summary Judgment Standard</u>

A motion for summary judgment is governed by Rule 56(c) of the Federal Rules of Civil Procedure, which allows disposition of a case if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." <u>See</u> <u>Sands v. Ridefilm Corp.</u>, 212 F.3d 657, 660 (1st Cir. 2000). To be successful in its attempt, the moving party must demonstrate the absence of a genuine issue as to any outcome-determinative fact in the record, <u>DeNovellis v. Shalala</u>, 124 F.3d 298, 306 (1st Cir. 1997), through definite and competent evidence. <u>Maldonado-Denis v. Castillo Rodriguez</u>, 23 F.3d 576, 581 (1st Cir. 1994). If the non-movant generates uncertainty as to the true state of any material fact, the movant's efforts should be deemed unavailing. <u>Suarez v. Pueblo Int'l</u>, 229 F.3d 49, 53 (1st Cir. 2000). Nonetheless, the mere existence of "some alleged factual dispute between the parties will not affect an otherwise properly supported

Civ. No. 04-1343 (PG)                                                    Page 4

motion for summary judgment." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986). At the summary judgment juncture, the Court must examine the facts in the light most favorable to the non-movant, indulging that party with all possible inferences to be derived from the facts. See <u>Rochester Ford Sales, Inc. v. Ford Motor Co.</u>, 287 F.3d 32, 38 (1st Cir. 2002).

**IV. <u>Analysis</u>**

The Magistrate Judge first determined that Morillo never submitted a separate, short and concise statement of material facts that complies with the requirements of Local Rule 56(c), therefore, the moving party's uncontested facts were deemed true[1]. As such, there is no genuine issue of material fact present in this case. The Magistrate Judge did recognize that in plaintiff's purported statement of uncontested facts he accepted defendants' statements number 1, 2, 3, 6, 7, 9, 10, 11, 12, 16, 17, 20, 21,22, 23, 24 and 25, and qualified or rejected statements 4, 5, 8, 13, 14, 15, 18, and 19 in 23 pages, with generally lengthy explanations that were difficult to follow in terms of clearly controverting a fact presented by the defendants. Plaintiff objects to the Magistrate Judge's conclusion arguing that he complied with Local Rule 56(c)[2].

─────────────────────

[1] So-called anti-ferreting rules were promulgated as a result of the First Circuit Court of Appeals' frustration with "the more and more typical phenomenon, ... of a district court having to decide a motion for summary judgment without the assistance the court should expect from counsel." <u>Stepanischen v. Merchants Despatch Transp. Corp.</u>, 722 F.2d 922, 927 (1st Cir. 1983). See <u>Ruiz Rivera v. Riley</u>, 209 F.3d 24, 28 (1st Cir. 2000); <u>see also Nicholas Acoustics & Specialty Co. v. H & M Const. Co., Inc.</u>, 695 F.2d 839, 847 (5th Cir. 1983). Time and time again, the Court of Appeals has sanctioned the use of rules such as Local Rule 56 and has affirmed a district court's decision to ignore statements of uncontested facts filed in blatant disregard to the rule's strictures. See <u>Morales v. A.C. Orssleff's EFTF</u>, 246 F.3d 32, 35 (1st Cir. 2001); <u>Laracuente v. Chase Manhattan Bank</u>, 891 F.2d 17, 19 (C.A.1 (Puerto Rico),1989); <u>Stepanischen</u>, 722 F.2d at 927. The Court of Appeals has even approved the district court's insistence on the requirement that the statement of facts be filed as a separate document to the motion and memorandum of law. See <u>Cosme-Rosado</u>, 360 F.3d at 45("The separate, short, and concise statement requirement has been 'interpreted as a requirement that the nonmovant file a statement of material facts separate from—and annexed to—the opposition memorandum'." <u>See also Vargas-Ruiz v. Golden Arch Dev., Inc.</u>, 283 F.Supp.2d 450, 458 (D.P.R. 2003).

[2] Local Rule 56(c) states: "A party opposing a motion for summary judgment shall submit with its opposition a separate, short, and concise statement of material facts. The opposing statement shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation as required by this rule. The opposing statement may contain in a separate section additional facts, set forth in separate numbered paragraphs and supported by a record citation as required by subsection (e) of this rule.

Civ. No. 04-1343 (PG)                                                Page 5

Having reviewed the record we agree with the Magistrate Judge in that Morillo's proposed statement of uncontested facts is certainly not a short, concise counter statement raising a genuine issue. See e.g. Cannon-Atkinson v. Cohen, 95 F. Supp. 2d 70, 73 (D.P.R. 2000). Pursuant to Local Rule 56(e) the Court consider defendant's facts admitted[3].

With that in mind, the Magistrate Judge made detailed factual findings, supported by references to the record, that showed there was no uncertainty as to the true state of the material facts. See Suarez v. Pueblo Int'l, 229 F.3d 49, 53 (1st Cir. 2000).(See R&R, Docket No. 31 at 7-11.) Furthermore, the Magistrate Judge thoroughly discussed each claim alleged by plaintiff and determined that based on the record defendants were entitled to judgment as a matter of law.

As to Morillo's Title VII claim, the Magistrate Judge determined that although he met part of his prima facie case, he was unable to prove that he suffered any adverse employment action, and consequently, was unable to prove the fourth prong of the prima facie case that stipulates that the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent. Likewise, as to the retaliation claim under Title VII, the Magistrate Judge determined that Morillo did not fulfill the second element of the prima facie case of retaliation: that he experienced an adverse employment action.

With regards to the ADEA claim, the Magistrate Judge determined that his claim failed inasmuch as Morillo suffered no adverse employment action. Furthermore, there was not sufficient statistical information available to establish that defendants treated members of the protected class (those over age 40) disparately, or that defendants retained persons not within the protected class in positions that they were not qualified for while discharging employees that were over the age of 40. In sum, the Magistrate Judge concluded that

---

[3] Local Rule 56(3) states: "Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted. An assertion of fact set forth in a statement of material facts shall be followed by a citation to the specific page or paragraph of identified record material supporting the assertion. The court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment. The court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts.

despite Morillo's expectations, the evidence on record demonstrated that Morillo has not been able to directly show that any adverse employment action suffered by him could be reasonably linked to an animus to discriminate on account of his age.

As to the First Amendment claim, the Magistrate determined that because Morillo's "expression" did not involve matters related to public concern, he had no valid First Amendment claim[4]. See Rankin v. McPherson, 483 U.S. 378, 388 (1987). Furthermore, the Magistrate Judge concluded that Morillo did not satisfy any of the three prongs of the test established in Torres- Rosado v. Rotger-Sabat, and therefore, his claim of a first amendment violation had to be dismissed. Id., 204 F.Supp. 2d 252, 258 (D.P.R. 2002)[5].

As to the constructive discharge claim, the Magistrate Judge concluded that there is no evidence that Morillo resigned from SBA. From the record, it is evident that Morillo worked on temporary assignments on and off from 1989 through June 17, 2003. At no point did Morillo resign from his position as a GS-12 employee with the SBA. As a result, Morillo is unable to show that he was constructively discharged from his position with SBA.

With regards to the §1981 breach of contract claim, the Magistrate Judge found that Morillo did not identify the contract on which his §1981 claim is based. As a temporary federal employee employed at the GS-12 level, plaintiff never signed a contract for continued employment. Instead, plaintiff's employment status is governed by federal regulations set forth in 5 C.F.R. § 213. Accordingly, the Magistrate Judge determined Morillo's first avenue of

_____

[4] Morillo alleged that his First Amendment right to free speech was violated when he expressed his concerns about a sexual harassment incident by a SBA lawyer and the disparate/inconsistent SBA policies for awarding loans to Puerto Rico as compared with other similarly situated islands such as Guam, Micronesia, and parts of mainland United States. (See R&R at 23.)

[5] Public employees do not relinquish their rights to comment on matters of public concern by virtue of the fact that they are government employees. Torres Rosado, 204 F.Supp.2d at 258. To determine whether Plaintiff could have a valid, actionable First Amendment freedom of speech claim the Supreme Court has established a three part test: first, the Court must determine whether the content of plaintiff's statement was a matter of public concern; second, "the Court must weigh the strength of the employee's and the public's First Amendment interests against the government's interest in the efficient performance of the workplace"; and third, plaintiff must "show that the protected expression was a substantial or motivating factor in the adverse employment action at issue." Id.; see Pickering v. Board of Educ. of Township High Sch. Dist. 205, Will County, Ill., 391 U.S. 563 (1968), and its progeny, and Connick v. Myers, 461 U.S. 138(1983); see also O'Connor v. Steeves, 994 F.2d 905, 913 (1st Cir.1993).

Civ. No. 04-1343 (PG)                                                      Page 7

relief was through an administrative forum and not the federal court. He thus recommends that pursuant to Fed. R.Civ.P. 12 (b)(6), Morillo's §1981 contract claim be dismissed.

Lastly, the Magistrate Judge determined that Morillo had failed to exhaust administrative remedies regarding his claim under the Whistleblower Protection Act. Federal employees wishing to sue the United States for employment discrimination must exhaust available administrative remedies prior to bringing suit in federal court. See Bailey v. U.S. Postal Serv., 208 F.3d 652, 654 (8th Cir. 2000). Because Morillo had not filed a claim with the corresponding administrative forum prior to bringing suit in federal court he has failed to exhaust his administrative remedies. Pursuant to Fed.R.Civ.P. 12(b)(1), the Magistrate Judge recommends that Morillo's whistleblower claim be dismissed.

Plaintiff filed objections to the Magistrate Judge's conclusions of law. (Docket No. 32.) The Court has carefully reviewed plaintiff's alleged objections, explanations and clarifications regarding the Magistrate Judge's findings. A great deal of plaintiff's purported objections are to some extent a repetition of the arguments raised in his opposition to defendants' motion for summary judgment. Upon **de novo** review of the exhaustive and itemized R&R, the objections thereto, the applicable case law, and the record of the case, the Court finds no reason to depart from the Magistrate Judge's sound findings and conclusions[6]. Accordingly, the Court **ADOPTS** the R&R and **GRANTS** defendants' motion. (Docket No. 11). Judgment shall be entered accordingly.

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, September 26, 2006.

S/JUAN M. PEREZ-GIMENEZ
U. S. DISTRICT JUDGE

---

[6] See Sackall v. Heckler, 104 F.R.D. 401, 402-03 (1st Cir. 1984)("[I]f the magistrate system is to be effective, and if profligate wasting of judicial resources is to be avoided, the district court should be spared the chore of traversing ground already plowed by the magistrate except in those areas where counsel consistent with the [Federal Rules of Procedure], can in good conscience complain to the district judge that an objection to a particular finding or recommendation is 'well grounded in fact and is warranted by existing law or ... reversal of existing law...'."